12JOHNSON, Justice,
dissenting.
I would deny the stay and deny the writ application. I agree with the ruling of the trial court where the Court held that Bally Entertainment Corporation the successor to Bally Manufacturing Corporation was in violation of § 5.05 of the Operating Agreement of Belle of Orleans, L.L.C. This breach of § 5.05 occurred when the Hilton Corporation acquired all of the stock of the Bally Member through merger on December 18, 1996, and at the same time owned and operated the Flamingo Riverboat Casino, a competing gaming entity in the New Orleans market.
Under § 13.01 of the Operating Agreement, only disputes regarding management and operation of the company are subject to mandatory arbitration. The trial court correctly styled this as a breach of the operating agreement, rather than a dispute over management and operation.
Judge Ciaccio in his dissent (Court of Appeal p. 3) suggests that despite the scope of the injunctive relief, the trial court only required petitioner to post a Ten Thousand Dollars ($10,000.00) bond. There is some confusion in the record on this point. At the hearing before the trial court, the court inquired of Bally’s whether the court should set a higher bond than Ten Thousand Dollars ($10,000.00), whereupon Mr. Lund, counsel for Bally’s, responded “No, I suggested it should be no more than that” (Tr. p. 3). ULater in the hearing Mr. Lund suggests that, the Ten Thousand Dollars ($10,000.00) bond is “wholly insufficient, in this matter, and reserved the right to contest it.” (Tr. p. 10).
The order from the trial court requiring deposit of revenues of the Casino into a separate Regions Bank account allows for proper accounting, and would prevent any commingling of revenues from this Facility and any other entities.
In my mind, the trial court’s order did preserve the status quo.